UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GEORGE J. LUTZ and
EDWARD T. DEVOE, III,

                    Plaintiffs,

      -against-

EVELYN RODRIGUEZ, Individually,
RAFAEL BUONO, Individually, FRANCIS
WASSMER, Individually, FRANCISCO
BATISTA, Individually, and the VILLAGE
OF HAVERSTRAW, New York,

                   Defendants.
------------------------------------------------------------X

**MEMORANDUM DECISION AND ORDER**

05 Civ. 4879 (GAY)

At all relevant times, plaintiffs George Lutz and Edward DeVoe were employed as police officers with the Village of Haverstraw. They commenced this action against the Village, its Mayor (Francis Wassmer) and three of its Trustees (Evelyn Rodriguez, Rafael Buono and Francisco Batista), alleging reverse employment discrimination on the basis of race pursuant to 42 U.S.C. §§ 1981 and 1983 and 42 U.S.C. § 2000e *et seq*. Plaintiffs specifically allege that defendants failed to promote them to the position of Sergeant and, instead, promoted a less-qualified Hispanic candidate solely on the basis of his ethnicity. Presently before this Court are defendants' motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure ("FRCP").[1] For the reasons set forth below, defendants' motions are **granted in part and denied in part**.

---

[1] This action is before me for all purposes on the consent of the parties, pursuant to 28 U.S.C. §636(c).

## I. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FRCP 56(c). Specifically, the party seeking summary judgment has the burden of demonstrating that no genuine issue respecting any material fact exists. LaFond v. General Physics Servs. Corp., 50 F.3d 165, 171 (2d Cir. 1995). If the moving party meets its burden, the burden shifts to the opposing party to come forward with "specific facts showing that there is a genuine issue for trial." FRCP 56(e).

When deciding a summary judgment motion, the court must resolve all ambiguities and draw all factual inferences in favor of the party opposing the motion. See McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999). The question is whether, in light of the evidence, a rational jury could find in favor of the nonmoving party. Gallo v. Prudential Residential Servs., Ltd. Partnership, 22 F.3d 1219, 1224 (2d Cir. 1994). Summary judgment must be denied, therefore, if the court finds "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, 477 U.S. 242, 250 (1986).

Caution should be exercised in addressing summary judgment motions in discrimination cases where intent and state of mind are at issue because "careful scrutiny of the factual allegations may reveal circumstantial evidence to support the required inference of discrimination." See Graham v. Long Island R.R., 230 F.3d 34, 38

(2d Cir. 2000) (citations omitted). Nonetheless, the Second Circuit has expressly "remind[ed the] district courts that the impression that summary judgment is unavailable to defendants in discrimination cases is unsupportable." See Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000) (quotation and citation omitted). On the one hand, mere conclusory allegations of discrimination will not defeat a summary judgment motion; a plaintiff in a discrimination case must proffer "concrete particulars" to substantiate his claim. See Meiri v. Dacon, 759 F.2d 989, 998 (2d Cir. 1985). On the other hand, courts must be aware of the fact that "discrimination will seldom manifest itself overtly." Bickerstaff v. Vassar Coll., 196 F.3d 435, 448 (2d Cir. 1999). Courts must therefore "carefully distinguish between evidence that allows for a reasonable inference of discrimination and evidence that gives rise to mere speculation and conjecture." Id. Thus, the ultimate question in deciding a summary judgment motion in a discrimination case "is whether the evidence can reasonably and logically give rise to an inference of discrimination under all of the circumstances." Id.

## II. DEFENDANTS WASSMER, RODRIGUEZ AND BATISTA

Following an exhaustive review of the record, the Court concludes that the record is devoid of any evidence of discriminatory animus or motivation as to defendants Wassmer, Rodriguez and Batista. Accordingly, defendants Wassmer, Rodriguez and Batista are entitled to summary judgment in their favor.

## III. REMAINING CONTENTIONS

As to the remainder of defendants' contentions, a review of the entire record indicates numerous triable factual issues. Accordingly, defendants' motions for summary judgment are **granted only as to defendants Wassmer, Rodriguez and Batista** and **denied in all other respects**.

A telephone conference will be conducted on April 3, 2008 at 10:00 a.m. Plaintiffs shall initiate the call.

Dated: March 19, 2008
White Plains, NY

**SO ORDERED:**

GEORGE A. YANTHIS, U.S.M.J.