```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GEORGE J. LUTZ and
EDWARD T. DEVOE, III,

                    Plaintiffs,
                                                            MEMORANDUM DECISION
            -against-                                            AND ORDER

EVELYN RODRIGUEZ, Individually,                              05 Civ. 4879 (GAY)
RAFAEL BUONO, Individually, FRANCIS
WASSMER, Individually, FRANCISCO
BATISTA, Individually, and the VILLAGE
OF HAVERSTRAW, New York,

                    Defendants.
------------------------------------------------------------X
```

At all relevant times, plaintiffs George Lutz and Edward DeVoe were employed as police officers with the Village of Haverstraw. They commenced this action against the Village, its Mayor (Francis Wassmer) and three of its Trustees (Evelyn Rodriguez, Rafael Buono and Francisco Batista), alleging reverse employment discrimination on the basis of race pursuant to 42 U.S.C. §§ 1981 and 1983 and 42 U.S.C. § 2000e *et seq*. Plaintiffs specifically allege that defendants failed to promote them to the position of Sergeant and, instead, promoted a less-qualified Hispanic candidate solely on the basis of his ethnicity.

On or about March 19, 2008, this Court granted defendants' motion for summary judgment in part, and dismissed plaintiffs' claims against defendants Wassmer, Rodriguez and Batista.[1] Presently before this Court are (1) the remaining defendants'

---

[1] This action is before me for all purposes on the consent of the parties, pursuant to 28 U.S.C. §636(c).

motions for reconsideration of the denial of their motions for summary judgment and (2) plaintiffs' motion for reconsideration of the Court's decision granting summary judgment to defendants Wassmer, Rodriguez and Batista. For the reasons set forth below, the parties' **cross-motions for reconsideration are denied**.

"[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." See In re Health Mgmt. Sys. Inc., Sec. Litig., 113 F. Supp.2d 613, 614 (S.D.N.Y. 2000) (quotation and citation omitted). Pursuant to Local Rule 6.3, a motion for reconsideration must "set[ ] forth concisely the matters or controlling decision which counsel believes the court has overlooked." Local Rule 6.3 is "narrowly construed and strictly applied so as to avoid repetitive argument on issues that have been considered fully by the Court." See Davidson v. Scully, 172 F. Supp.2d 458, 462 (S.D.N.Y. 2001).

Plaintiffs contend that the Court overlooked a number of critical facts evidencing Wassmer's, Rodriguez's and Batista's participation in the alleged discriminatory conduct. Contrary to plaintiffs' contention, the Court did not overlook the facts delineated in plaintiffs' motion for reconsideration; the Court adheres to its previous conclusion that the record is devoid of any evidence of discriminatory animus or motivation as to defendants Wassmer, Rodriguez and Batista. Accordingly, plaintiffs' motion for reconsideration is denied.

Defendants Buono and the Village of Haverstraw claim that the Court overlooked controlling principles of law, set forth in *Coogan v. Smyers*, 134 F.3d 479, 485 (2d Cir. 1998), pursuant to which no reasonable jury could find that Buono's alleged improper motive could have caused the plaintiffs' alleged injury. However, there remain issues of

material fact which, dependent upon their resolution, could render *Coogan* distinguishable. Accordingly, the Court adheres to its previous decision, and denies defendants' motion for reconsideration.

A telephone conference will be conducted on July 22, 2008 at 9:00 a.m. Plaintiffs shall initiate the call.

Dated: June 27, 2008
       White Plains, New York

**SO ORDERED:**

_____
GEORGE A. YANTHIS, U.S.M.J.