UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
GEORGE J. LUTZ and
EDWARD T. DEVOE, III,

                     Plaintiffs,

          -against-

RAFAEL BUONO, Individually, and
the VILLAGE OF HAVERSTRAW,
New York,

                   Defendants.
---------------------------------------------------------X

**MEMORANDUM DECISION
AND ORDER**

05 Civ. 4879 (GAY)

       At all relevant times, plaintiffs George Lutz and Edward DeVoe were employed as police officers with the Village of Haverstraw.  They commenced this action against the Village, its Mayor (Francis Wassmer) and three of its Trustees (Evelyn Rodriguez, Rafael Buono and Francisco Batista), alleging reverse employment discrimination on the basis of race pursuant to 42 U.S.C. §§ 1981 and 1983 and 42 U.S.C. § 2000e *et seq*.  Plaintiffs specifically allege that defendants failed to promote them to the position of Sergeant and, instead, promoted a less-qualified Hispanic candidate solely on the basis of his ethnicity.

       On or about March 19, 2008, this Court granted defendants' motion for summary judgment in part, and dismissed plaintiffs' claims against defendants Wassmer, Rodriguez and Batista.[1]  Presently before this Court is plaintiff Lutz's motion to sever his claims from plaintiff DeVoe's pursuant to Rule 21 of the Federal Rules of Civil

---

       [1] This action is before me for all purposes on the consent of the parties, pursuant to 28 U.S.C. §636(c).

Procedure ("FRCP").  For the reasons set forth below, plaintiff Lutz's motion is denied.

Pursuant to FRCP 21, which governs "misjoinder and nonjoinder of parties," a court may "sever any claim against any party."  See Fed. R. Civ. P. 21.  "[T]his Court has broad discretion to sever claims and parties, so long as in doing so the Court furthers the aims of justice, promotes judicial economy and efficiency, and avoids prejudicing the rights of any party."  In re Merrill Lynch & Co., Inc., 214 F.R.D. 152, 155 (S.D.N.Y. 2003).  In deciding whether to exercise its discretion under Rule 21, this Court should specifically consider: "(1) whether the claims arise out of the same transaction or occurrence, (2) whether the claims present some common questions of fact or law, (3) whether severance would serve judicial economy, (4) prejudice to the parties caused by severance, and (5) whether the claims involve different witnesses and evidence."  See Baergas v. City of New York, No. 04 Civ. 2944, 2005 WL 2105550, at *4 (Sept. 1, 2005) (quotation and citations omitted).

Here, the gist of plaintiff Lutz's argument in favor of severance is twofold:  Lutz asserts that his claim and DeVoe's claim are completely unrelated and that he (Lutz) will be prejudiced by jury confusion if the claims are not severed.  Contrary to Lutz's assertions, however, a balancing of the relevant factors weighs heavily *against* severance.  In the first instance, Lutz's claim and DeVoe's claim clearly arise out of the same series of transactions and occurrences and present common questions of both law and fact.  Additionally, plaintiff Lutz does not contend that his claim involves different witnesses or evidence than DeVoe's; nor does Lutz demonstrate how severance would further judicial economy.  Indeed, based upon the evidence submitted in conjunction with the summary judgment motion, this Court is convinced that judicial

economy would best be served by denying severance of claims where the commonality of legal and factual issues is undeniable and where there will be a substantial overlap of witnesses and documentary proof introduced at trial by both plaintiffs in support of their claims.  Moreover, given the specific factual issues in this case, a joint trial is prudent in order to avoid the potential problem of inconsistent verdicts.  Finally, Lutz's argument regarding jury confusion is unpersuasive.  Juries in this District routinely decide cases involving multiple plaintiffs and multiple claims, "and any risk that the jury may become confused can be addressed by clear jury instructions."  See Baergas, 2005 WL 2105550, at *7.  Accordingly, plaintiff Lutz's motion to sever is **DENIED**.

A telephone conference will be conducted on Friday, October 30, 2009 at 9:30 a.m.  Counsel for plaintiff Lutz shall initiate the call, unless all counsel agree otherwise.

The Clerk of the Court is respectfully requested to terminate the motion (Docket #58).

Dated:    October 16, 2009
          White Plains, New York

**SO ORDERED:**

GEORGE A. YANTHIS, U.S.M.J.

3